UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZOYA JAAFAR,

      Plaintiff,

                                        Case No. 09-12832

v.

                                        Honorable Patrick J. Duggan

HOMEFIELD FINANCIAL, INC.,
AURORA LOAN SERVICES, INC., and
SPECIALIZED LOAN SERVICING, LLC,

      Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 27, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

In this action, Zoya Jaafar ("Plaintiff") alleges several violations of statutory and common law in connection with her procurement of senior and junior mortgages to finance her purchase of a home in November 2006. Presently before the Court is a Motion for Summary Judgment/Dismissal filed by Specialized Loan Servicing, LLC ("SLS") on August 24, 2009.[1] The motion has been fully briefed and the Court held oral argument on October 22, 2009. For the reasons set forth below, the Court grants SLS's motion.

_____

[1]Defendant Aurora Loan Services, Inc. was dismissed by stipulation on September 10, 2009. Defendant Homefield Financial, Inc. has not been served.

## I. Factual and Procedural Background

Plaintiff purchased a home in Dearborn, Michigan, in November 2006 for about $132,000. In connection with that purchase, Plaintiff obtained senior and junior mortgages on November 29, 2006, from Homefield Financial, Inc. ("Homefield") in the amounts of $105,600 and $26,400, respectively. Subsequently, Aurora Loan Services, Inc. ("Aurora") serviced the senior mortgage while SLS serviced the junior mortgage.

On May 28, 2009, Plaintiff filed a six-count complaint in the Wayne County Circuit Court alleging that Homefield, Aurora, and SLS committed various statutory and common law violations in connection with Plaintiff's procurement of the senior and junior mortgages. Specifically, plaintiff alleges: (I) violations of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (II) predatory lending; (III) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (IV) fraudulent misrepresentation; (V) negligent misrepresentation; and (VI) violation of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), Mich. Comp. Laws Ann. § 445.1651. Aurora later removed the lawsuit to this Court on the basis of federal question jurisdiction. SLS now seeks dismissal or summary judgment on grounds that Plaintiff has failed to state a claim against it regarding its involvement with Plaintiff's junior mortgage.

## II. Legal Standards

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To

survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to unsupported legal conclusions. *Iqbal*, 129 S. Ct. at 1950. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

3

context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims.  *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 504, 514 (6th Cir. 1999).

Meanwhile, summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  The central inquiry on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).  After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

### III. SLS is a Servicer of Plaintiff's Junior Mortgage

All of Plaintiff's claims in this case derive from alleged misrepresentations and omissions at the time Plaintiff secured her senior and junior mortgages—i.e. at the time of origination.  SLS, however, is merely a servicer of Plaintiff's junior mortgage and was not involved in the origination of the loan.  Plaintiff argues in response that SLS can be held liable either as the principal to the loan originator—Homefield—or as an assignee of the junior mortgage.  Other than Plaintiff's conclusory allegations and meaningless recitation of

4

various agency theories,[2] however, there is no evidence in the record nor factual allegations in the complaint suggesting that Homefield "originated the junior loan *on behalf* of SLS." (Pl.'s Resp. at 1 (emphasis added).)  In other words, Plaintiff has failed to plead factual content that allows the Court to draw the reasonable inference that the SLS is liable for the misconduct alleged.  Therefore, SLS is entitled to dismissal.[3]

## IX. Sanctions

At the conclusion of its motion, SLS requests that this Court consider sanctioning Plaintiff for bringing a frivolous action.  Pursuant to statute, this Court has discretion to hold Plaintiff's counsel liable for excess costs, expenses, and attorney's fees reasonably incurred in response to counsel's unreasonable and vexatious multiplication of the proceedings.  28 U.S.C. § 1927.[4]  Sanctions are appropriate under this statute whenever "an attorney knows or reasonably should know that a claim pursued is frivolous . . . ."  *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

---

[2]In response to the motion, Plaintiff's brief discusses differences between actual, apparent, express, and implied agency theories.  Plaintiff fails to posit, however, why she believes, as a factual matter, any of these agency relationships exist in this case.  (Pl.'s Resp. at 6-7.)

[3]Even if Plaintiff had established some kind of agency or assignee relationship, Plaintiff's claims fail on independent legal grounds.  Plaintiff's counsel conceded at the hearing that he had no reason to believe that the junior mortgage is anything other than a "residential mortgage," which is exempted from the HOEPA.  *See* 15 U.S.C. §§ 1602(aa), 1639.  Plaintiff's counsel also conceded that "predatory lending" is not a viable claim.  Meanwhile, Plaintiff's TILA claim is time-barred.  *See* 15 U.S.C. § 1640(e).  And finally, Plaintiff failed to sufficiently plead counts IV-VI.

[4]SLS also requests that the Court issue a show cause order for Plaintiff's counsel to explain why his conduct has not violated Rule 11(b) of the Federal Rules of Civil Procedure.  Because the Court concludes that an award of costs and fees to SLS is appropriate pursuant to 28 U.S.C. § 1927, the Court declines to pursue the show cause procedure set forth in Rule 11(c).

The proliferation of cases in the Eastern District of Michigan filed by attorneys at the firm retained by Plaintiff has not escaped this Court's attention. Since December 2008, more than 90 cases filed by Plaintiff's law firm have been removed to this district from state courts.[5] Although the number of claims asserted in the complaints sometimes varies,[6] each of those 90+ cases involve nearly identical issues. In fact, other than the names of the parties involved, many of the allegations and claims in the complaints are identical.[7]

Based upon arguments made during the motion hearing, the Court believes that Plaintiff's law firm is using many of these lawsuits as a means of conducting fishing expeditions. This Court previously advised Plaintiff's law firm of the impropriety of naming loan servicers as defendants in these lawsuits, *Saleh v. Home Loan Servs., Inc.*, No. 09-10033, 2009 WL 2496682 (E.D. Mich. Aug. 17, 2009), and it is inexplicable why the law firm pursued the same course of action in this case, especially in view of the fact that the law firm also named the loan originator (Homefield) as a defendant.[8] If anyone could be held liable for Plaintiff's alleged claims—which the Court doubts for the reasons set forth in other opinions regarding cases pursued by Plaintiff's law firm, *see Daar v. Beal Bank*, No. 09-

_____

[5]The Court was informed at the motion hearing that the specific attorney who had been acting as Plaintiff's counsel recently left the law firm retained by Plaintiff.

[6]In some cases Plaintiff's counsel has filed 13-count complaints. *See Lancaster v. Countrywide Home Loans, Inc.*, No. 09-CV-12198, 2009 WL 2584736, at *1 (E.D. Mich. Aug. 19, 2009). As indicated above, the complaint in this case alleges six counts. The six counts alleged in the present case were also alleged in *Lancaster*.

[7]For one example, compare the complaint filed in this case with that filed in *Lankford v. Aurora Loan Services, LLC*, No. 09-11552 (E.D. Mich. April 24, 2009).

[8]As previously noted, Plaintiff has not yet served Homefield.

11861 (E.D. Mich. Oct. 21, 2009); *McLean v. Countrywide Home Loans, Inc.*, No. 09-CV-11239, 2009 WL 2777017 (E.D. Mich. 2009); *Lancaster v. Countrywide Home Loans, Inc.*, No. 09-CV-12198, 2009 WL 2584736 (E.D. Mich. Aug. 19, 2009); *Sobh v. Chase Home Finance, LLC*, No. 09-CV-11986 (E.D. Mich. July 28, 2009); *Bresnan v. Midland Mortgage Co.*, No. 09-CV-11147 (E.D. Mich. July 22, 2009); *Swaydan v. Countrywide Home Loans Servicing, LP*, No. 09-CV-11760 (E.D. Mich. July 17, 2009); *Beydoun v. Countrywide Home Loans, Inc.*, No. 09-10445, 2009 WL 1803198 (E.D. Mich. June 23, 2009)—it would be the loan originator. There is simply no excuse for the law firm's pursuit of this case against SLS where the party actually charged with the wrongful conduct is a named defendant in the action. Furthermore, the Court notes that Plaintiff's law firm has been on notice regarding the sanctionable nature of its conduct in these actions since at least June 23, 2009, when the Honorable Judge Zatkoff authorized sanctions pursuant to 28 U.S.C. § 1927 in *Beydoun*. 2009 WL 1803198, at * 7. For these reasons, the Court concludes that Plaintiff's law firm should be liable for SLS's costs and reasonable attorney's fees incurred in defending this action.

## X. Conclusion

As mere servicer of Plaintiff's junior mortgage, SLS is entitled to dismissal of Plaintiff's claims. Furthermore, Plaintiff's law firm knew or should have known of the impropriety of pursuing Plaintiff's claims against the loan servicer.

Accordingly,

**IT IS ORDERED** that SLS's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that SLS submit an accounting of the costs and

7

reasonable attorney's fees it incurred in defending this action within 30 days of the entry of this Opinion and Order.  Plaintiff's law firm shall have 14 days from the date of SLS's submission to file objections thereto.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Edward L. Ewald, Jr., Esq.
eewald@landisday.com

Richard Welke, Esq.