UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZOYA JAAFAR,
  Plaintiff,

v.

Case No. 09-12832

Honorable Patrick J. Duggan

HOMEFIELD FINANCIAL, INC.,
AURORA LOAN SERVICES, INC., and
SPECIALIZED LOAN SERVICING, LLC,
  Defendants.
              /

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 20, 2009.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
         U.S. DISTRICT COURT JUDGE

This matter is before the Court on an accounting of costs and reasonable attorney fees filed by Defendant Specialized Loan Servicing, LLC ("SLS"). On October 27, 2009, this Court granted SLS's motion for summary judgment/dismissal. In the opinion and order resolving that motion, the Court also concluded that Plaintiff's law firm, Landis & Day PLC, should be liable for SLS's costs and reasonable attorney's fees incurred in defending this action pursuant to 28 U.S.C. § 1927. The imposition of sanctions was based on Landis & Day's knowing pursuit of meritless claims against a loan servicer for the conduct of a loan originator, even while the loan originator was also named as a defendant but never served.

At this stage of the proceeding the Court must determine the amount of costs and reasonable attorney's fees attributable to counsel's unreasonable and vexatious multiplication

of the proceedings.  In so doing, the Court considers that "[t]he purpose of § 1927 is 'to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.'" *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 644 (6th Cir. 2009) (quoting *Red Carpet Studios v. Slater*, 465 F.3d 642, 646 (6th Cir.2006)).  As such, "[w]here an attorney's unreasonable and vexatious conduct 'began with the filing of the complaint and persisted throughout the pendency of the case,' . . . the attorney is liable under § 1927 to pay attorney fees that began to accrue when the complaint was filed." *Id.* at 645 (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir.1997)).

In its accounting of costs and reasonable attorney's fees, SLS requests $6,316.  That number represents $6,308 for 33.2 hours of work by defense counsel at a rate of $190, and $8 in costs.  As permitted in the Court's prior opinion and order, Landis & Day filed objections to the accounting.  Landis & Day argues that sanctions should not be imposed or, if they are, that SLS should be limited to recovery for only 8.5 hours of work given defense counsel's expertise in this area of litigation.  Under Landis & Day's alternative argument, SLS would receive $1615 in attorney's fees and $8 in costs for a total of $1623.

Having fully considered SLS's accounting, Landis & Day's objections, and the purpose of 28 U.S.C. § 1927,

**IT IS ORDERED** that Landis & Day PLC pay SLS its costs and reasonable attorney's fees in the amount of **$4000 (FOUR THOUSAND DOLLARS)**.

              s/PATRICK J. DUGGAN
              UNITED STATES DISTRICT JUDGE

Copies to:
Edward L. Ewald, Jr., Esq.    Richard Welke, Esq.